JS6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-CV-01233-RGK-MRW | Date | July 19, 2023 |
|---|---|---|---|
| Title | *DESTINY LEON v. WALMART, INC., et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio (not present) | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**   (IN CHAMBERS) Order Remanding Action to State Court

On May 9, 2023, Destiny Leon ("Plaintiff") filed suit against Walmart, Inc and Wal-Mart Assoc., Inc. ("Defendants"), alleging state statutory and common law claims arising out of allegations related to employment discrimination. On June 23, 2023, Defendants removed the action on the ground of diversity jurisdiction. On June 29, 2023, the Court issued an Order to Show Cause Why This Action Should Not be Remanded for Lack of Subject Matter Jurisdiction. On July 7, 2023, Defendants filed their Response.

The Court has considered Defendants' Response and finds that they have failed to satisfy their burden of showing that the minimum amount in controversy has been met. In their Response, Defendants state that Plaintiff was employed from September 2021 to August 13, 2022, and was scheduled to earn $3068 per month. Based on these figures, back pay would be approximately $35,282.[1] Defendants then include other damages, including front pay, emotional distress damages, punitive damages, and attorneys' fees. While these other damages are appropriate to include in calculating amount in controversy, Defendants' support for the amounts they set forth is speculative, at best. For example, Defendants state that any judgment in this case will likely be rendered no earlier than nearly two years from the date of filing, based on federal court management statistics. While this timeline may be a good estimate from a bird's eye view of all cases, both civil and criminal, in all courts, of the Central District, it is based on overly broad data. Defendants then state that based on similar other cases, emotional distress and punitive damages would be each in excess of $75,000. Finally, Defendants state that, based on experience, legal fees alone would amount to more than $75,000.

---

[1] Defendants state that this amount does not account for any overtime. However, Defendants have not introduced any evidence that Plaintiff had a practice of working overtime.

JS6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-CV-01233-RGK-MRW | Date | July 19, 2023 |
|---|---|---|---|
| Title | *DESTINY LEON v. WALMART, INC., et al* | | |

With $35,282 as the starting point, and further amounts based on speculative assertions, the Court finds that Defendants have failed to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.

In light of the foregoing, the action is hereby **remanded** to state court for all further proceedings.

**IT IS SO ORDERED.**

cc: San Bernardino County Superior Court, CIVSB2310782

|  | : |  |
|---|---|---|
| Initials of Preparer | JRE/vc | |